UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHARLES FRITSCHE, | Case No. 3:15-cv-00425-MMD-WGC |
| Petitioner, | |
| v. | ORDER |
| ROBERT LeGRAND, *et al.*, | |
| Respondents. | |

The Court issues this order separately from the disposition on the merits this same date to emphasize the points made herein.

LR IC 6-1 states in pertinent part:

(a) Parties must refrain from including—or must partially redact, where inclusion is necessary—the following personal-data identifiers from all documents filed with the court, including exhibits, whether filed electronically or in paper, unless the court orders otherwise:

. . . .

(2) Names of Minor Children. If the involvement of a minor child must be mentioned, only the initials of that child should be used.

In the present child sexual abuse case, Petitioner's counsel instead used the first name and last initial of two involved minor children in the first amended petition and reply, while noting their respective ages at the time of trial. (*See, e.g.*, ECF No. 13 at 9.) This form of identification of a minor child does not comply with LR IC 6-1(a)(2). It would appear that counsel acted in good faith in this matter and attempted to protect the involved

children's privacy interests by using only their first name and last initial. The local rule requires more protection, however; and counsel ultimately is responsible for compliance with the rule. *See* LR IC 6-1(c).

The exhibit list further includes K.L.'s full name in the description of Exhibits 44 and 46. (ECF No. 14 at 4-5.) There additionally are instances in the exhibits where K.L.'s name was apparently inadvertently not redacted. The abbreviation key at the beginning of the May 15, 2008 interview transcript sets forth the minor's full name. (ECF No. 16-8 at 2.) There are multiple instances where the minor's first name is not redacted in a later police report and interview. (ECF No. 16-10 at 6; ECF No. 29-2 at 17, 36, 49, 51.) While perfection in redaction is difficult to achieve in a large record, the exhibit list references constituted a more avoidable error.

Counsel further redacted out K.L.'s age in record exhibits. LR IC 6-1(a)(3) instead requires only redacting a date of birth to the year. In a case of this type, the Court needs to be able to determine the child's then-current age from the exhibits.

Respondents' counsel, in turn, used K.L's initials but did not use initials for H.H. (ECF No. 21 at 18-19.) The local rule does not distinguish between a crime victim and a witness. The personal identifier protections apply to both.

Both children apparently still were minors at the time of the first amended petition. In all events, the Court has held on numerous occasions that the requirements of LR IC 6-1 and its predecessor Special Order 108 apply to references to the involvement of a then-minor even if the minor would have attained majority by the time of the federal filing. *See, e.g.*, *Donald Yaag v. Robert LeGrand*, No. 3:14-cv-00295-MMD-WGC, ECF No. 39 at 17-18 (D. Nev. Nov. 10, 2016). As the Court has noted, the privacy interests of a child do not terminate as to incidents in which they were involved as a child merely because they since have become an adult. Nor does the potential for harm from disclosure end after the child becomes an adult. Indeed, it is not difficult to conceive of scenarios in which such public disclosure during the child's adult years may be quite harmful.

///

Moreover, Exhibit 48 improperly includes Petitioner's full date of birth and social security number, in violation of LR IC 6-1(a)(1) & (3). (ECF No. 29-2 at 3, 38.)

The Court will direct that the noncompliant filings be sealed.

It is therefore ordered that the Clerk is directed to seal ECF Nos. 13, 14 (but not the attached exhibits), 16-8, 16-10, 17, 28 and 29-2. Counsel are directed to file redacted versions of these aforementioned documents to comply with the local rule (i.e., properly replace the names of the minors with their initials and remove Petitioner's date of birth and social security number).

DATED THIS 24th day of October 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE